

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 29, 1963

Dr. M. H. Crabb
Secretary, Texas State Board
  of Medical Examiners
1714 Medical Arts Building
Fort Worth 2, Texas   76102

Opinion No. C- 113

Re:  Validity of Article II,
Section 28b of House Bill
86, Acts of the 58th Leg.,
R.S., 1963.

Dear Doctor Crabb:

      We are in receipt of your opinion request regarding the constitutionality or validity of a portion of the appropriation bill of the 58th Legislature which may affect the Texas State Board of Medical Examiners. The section cited above appears as a rider to the appropriation act and is worded as follows:

      "b. None of the moneys appropriated to the Hospital Board or to institutions under its jurisdiction by this Article may be expended for salaries of persons assigned to positions entitled 'Medical Technician' as shown in this Article, <u>unless such persons are licensed to practice medicine by other States or Nations but have not yet been licensed as physicians under the law of this State.</u> This provision shall not be construed so as to prohibit salary payments to qualified physicians recruited from other states who are eligible for license in Texas, and notwithstanding the requirements of the State <u>Board of Medical Examiners, such physicians shall be given a reasonable time to be determined by the Hospital Board to secure a Texas license to practice medicine.</u>" (Emphasis added).

      Section 35 of Article III of the Constitution of Texas states as follows:

"Sec. 35.  No bill, (except general appropria-
tion bills, which may embrace the various subjects
and accounts, for and on account of which moneys are
appropriated) shall contain more than one subject,
which shall be expressed in its title.  But if any
subject shall be embraced in an act, which shall not
be expressed in the title, such act shall be void
only as to so much thereof, as shall not be so ex-
pressed."

If Section 28b of Article II of the appropriation bill
merely limits in some way the distribution of state money for
certain purposes and under certain enumerated conditions which
are incidental to the appropriation, then the rider is valid.  If
the rider contains language which amounts to general legislation,
or conflicts with or modifies existing general legislation, then
the rider must be declared invalid.  Moore v. Sheppard, 144 Tex.
537, 192 S.W.2d 559 (1946).

The rider in question contemplates that a physician will
be employed as a "Medical Technician"; therefore we are not required
to ascertain whether or not he will perform any of those acts enumer-
ated in Article 4510 as the practice of medicine.

Article 4500 of Vernon's Civil Statutes states in part
as follows:

"The Texas State Board of Medical Examiners
may, in its discretion, upon payment by an appli-
cant of a fee of One Hundred Dollars ($100) grant
a license to practice medicine to any reputable
physician who is a citizen of the United States
. . .and to licentiates of other State or Terri-
tories having requirements for medical registra-
tion and practice equal to those established by
the laws of this State. . . ."  (Emphasis added).

Article 4500 has long been construed to mean that the
Board of Medical Examiners must use its own "discretion" in de-
ciding whether to grant a license to practice in Texas to licen-
tiates of other states.  Attorney General's Opinion No. O-1556
(1939).  The rider to the appropriation act does not afford the
Board the discretion previously given it by Article 4500.  Under
the provisions of the rider the medical technician cannot be paid
unless he does not have a license to practice in Texas.  The rider
then proceeds to change the existing requirements of Article 4498
(whereby each practitioner must have a certificate issued by the
Board), and allows the Hospital Board to, in effect, suspend the

terms of Article 4498 for "a reasonable time to be determined by the Hospital Board."

The said Article 4498 states in part as follows:

"It shall be unlawful for any one to practice medicine, in any of its branches, upon human beings within the limits of this State who has not registered in the District Clerk's office of every County in which he may reside, and in each and every County in which he may maintain an office or may designate a place for meeting, advising with, treating in any manner, or prescribing for patients, the certificate evidencing his right to practice medicine, as issued to him by the Texas State Board of Medical Examiners, . . ." (Emphasis added).

We therefore advise you that Section 28b of Article II of House Bill 86 of the 58th Legislature is unconstitutional. It attempts to abrogate or amend the general law requiring physicians who practice medicine in Texas to obtain a certificate from the Texas State Board of Medical Examiners pursuant to Article 4498.

The caption to House Bill 86 is as follows:

"AN ACT appropriating money for the support of the Judicial, Executive, and Legislative branches of the State Government, for the construction of State buildings, the payment of claims against the State, and for State aid to public junior colleges, for the two-year period beginning September 1, 1963, and ending August 31, 1965; authorizing and prescribing conditions, limitations, rules and procedures for allocating and expending the appropriated funds; and declaring an emergency."

Neither the title of Section 28 (Compensation Rules), nor the caption of the bill would put anyone on notice that an exception was being made to the requirements for the practice of medicine in Texas. Moore v. Sheppard, supra. Attorney General's Opinions Nos. V-1253 (1951); V-1254 (1951); V-1263 (1951); WW-253 (1957); WW-1152 (1961); and WW-1207 (1961).

## S U M M A R Y

Section 28b of Article II of House Bill 86 of the 58th Legislature is invalid to the extent that it attempts to alter or amend the general law regarding the practice of medicine by way of a rider to the appropriation bill.

Yours very truly,

WAGGONER CARR
Attorney General

By Fred D. Ward

Fred D. Ward
Assistant

FDW:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
W. O. Shultz
Wayne Rodgers
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone